FRANK G. MYERS, EXR., *vs.* WILLISTON A. CADY.

PROVIDENCE—MARCH 29, 1901.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Wills. Powers. Executors and Administrators.*

Testamentary provision as follows : "I desire that my home estate be sold within a year after my decease, provided a suitable price can be obtained for the same":—

*Held*, that the expression of desire ·was equivalent to a direction to sell, the purpose of the limitation of time being to prevent a sacrifice of the estate, and that the executor had authority to sell after the expiration of the year.

BILL IN EQUITY for specific performance. The facts appear in the opinion. Heard on bill and answer, and relief granted.

PER CURIAM. The will of Agnes McWilliams said : "I desire that my home estate on Narragansett boulevard in Edgewood, town of Cranston, State of Rhode Island, be sold within a year after my decease, provided a suitable price can be obtained for the same." It then provided that the money derived therefrom should be added to what she had, and that the whole should be paid to designated legatees.

(1) The question raised is whether the estate can be sold after the expiration of the year. It is perfectly clear from the will that the estate was to be sold. The will contained no residuary clause, except by providing that each of the legatees should be entitled to receive a proportional part of the surplus. The expression of desire was equivalent to a direction to sell. The limitation of time was dependent upon obtaining a suitable price. It evidently meant that while she desired a speedy sale she did not want the estate sacrificed by a sale before a suitable price could be obtained. We think, therefore, that the executor has authority to sell and is entitled to a decree for specific performance.

*John Palmer*, for complainant.

*E. C. Pierce* for respondent.